UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN G. FELDER,

             Plaintiff,

-against-

ATRIA BUILDERS; ED GRUNWALL, PRESIDENT; MIKE FERGUSKI, SECURITY DIRECTOR,

             Defendants.

20-CV-8842 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendant Atria Builders, Plaintiff's former employer, discriminated against him because of his race. By order dated January 5, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on 2/3/2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**DISCUSSION**

In his original complaint, Plaintiff alleged that that Defendants discriminated against him on the basis of his race. Plaintiff, who identifies himself as Black, checked the box indicating that he is alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, although he did not indicate his race in that section of the complaint. Plaintiff checked the box indicating that he is asserting claims under 42 U.S.C.

2

§ 1981, but he also did indicate his race in that section of the complaint. Plaintiff also checked the box indicating that he is asserting claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 – 634, but he did not provide the year that he was born or otherwise state his age. Plaintiff alleged the following:

> After working 3 yrs as firewatch security at old site 461 W. 34st, Atria Builders Assistant Security Director Ed Smalls decided to wrongfully terminate me 7/23/2019 on phone after coming back from vacation at Atlanta, Ga! I was never called to corporate office and address this issue of bed bugs at construction site. This was plot by upper management to find ways to terminate me!

(ECF No. 2 at 5.)[1]

By order dated January 5, 2021, the Court found that Plaintiff's allegations failed to state a claim under Title VII, the ADEA, or 42 U.S.C. § 1981 because (1) his allegations failed to suggest that his employer took any adverse action against him based on his race or race-based animus, and (2) Plaintiff did not allege that he is at least 40 years old or that the his employer took any adverse action against him because of his age. (ECF No. 11.)

In his amended complaint, Plaintiff does not check any boxes to indicate the claims he seeks to raise. He does, however, check the box for race in the Title VII section, but he does not put his race in the area provided. Although Plaintiff does not check the box to assert a claim under 42 U.S.C. § 1981, on the corresponding line, he identifies his race as "Black." (ECF No. 13 at 3.) Plaintiff again doesn't check the box indicating that he seeks to bring a claim under the ADEA, but on the corresponding line, he does write his year of birth as "1967." (*Id.* at 4.) Plaintiff alleges that Defendants "unprofessionally terminated me on phone, stating I brought bedbugs to security booth." (*Id.* at 5.) On February 10, 2021, and February 19, 2021, Plaintiff

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

filed letters complaining about the unprofessionalism of Defendant Altria Builders. *See* ECF Nos. 14, 15.)

Plaintiff's allegations of discrimination remain insufficient to state a claim under § 1981 because they do not suggest that Defendant's conduct was motivated by race-based animus. Plaintiff's claims under 42 U.S.C. § 1981 must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's allegations of discrimination under Title VII and the ADEA also remain insufficient to state claims under these statutes. Plaintiff does not allege facts suggesting that his employer took any adverse action against him based on his race. Although Plaintiff meets the age criteria for an ADEA claim, he does not allege any facts suggesting that his employer took any adverse action against him because of his age. Plaintiff's Title VII and ADEA claims are therefore also dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 3.)

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated: May 7, 2021
        New York, New York

                                                                       _Louis L. Stanton_
                                                                            Louis L. Stanton
                                                                               U.S.D.J.